The opinion of the Court was drawn up by
Appleton, C. J.
It was determined in Knight v. Frank, 48 Maine, 320, if the plaintiff voluntarily indorses on the note in suit the amount of usurious interest reserved therein, before the cause comes on for trial, that the damages are not reduced " by proof ” of such usurious interest, within the Act of July 22, 1846, c. 192.
*126 By the Act of 1862, c. 136, § 2, it is provided, "in any action brought, or hereafter to be brought, on any contract whatever, in which there is directly or indirectly taken, promised or received a rate of interest exceeding the rate established in § 1, or when such contract is 'relied upon by either party in the "maintenance or defence of any action, either party may, under the general issue, prove such excessive interest, the defendant giving notice of such defence in his specifications of defence, and it shall be deducted from the amount due on such contract; and, if in any such action, the amount claimed by either party under such contract, is reduced by proof of such excessive interest, the party taking or receiving the same, shall recover no cost, ‘but shall pay cost to the adverse party.”
This action is upon a promissory note. The defendant pleaded the general issue and filed a brief statement of defence, alleging that usurious interest had been taken, made oath to the truth thereof and offered to be defaulted for the amount due, less such interest. Before the cause came on for trial, the plaintiff indorsed on his note the usurious interest therein, accepted the defendant’s offer and a default was entered. The defendant claimed full costs, under § 2. The presiding Judge disallowed the defendant’s claim and allowed the plaintiff costs, to all which the defendant filed exceptions.
The defendant, by his brief statement, gave notice that at a future day, when the cause should come on for trial,' he should offer proof of excessive interest. None was offered in the present case. The brief statement, or specifications .of defence, whether sworn to or not, were not proof. The amount was not reduced " by proof of such excessive interest,.” either before the jury or the Court, but by the voluntary act of the plaintiff. The defendant does not bring himself within § 2, for there has been no reduction of the amount by proof on his part, for he has never offered any.
*127 The defendant was however entitled to costs, by R. S., 1857, c. 82, § 21, since, and the plaintiff to the offer.

Exceptions sustained.

Cutting, Davis, Walton and Barrows, JJ., concurred.